IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK SNYDER, ) | |
|       Plaintiff ) | |
| ) | |
| vs. ) | Civil Action No. 06-1528 |
| ) | Judge David Stewart Cercone/ |
| LAWRENCE P. DECKER; LAWRENCE ) | Magistrate Judge Amy Reynolds Hay |
| A. HEIDENREICH; HEATHER ANNE ) | |
| KELLY; CITY OF BALDWIN; COUNTY ) | |
| OF ALLEGHENY, ) | |
|       Defendants ) | |

REPORT AND RECOMMENDATION

I.    RECOMMENDATION

It is respectfully recommended that the motion to dismiss submitted on behalf of defendant Lawrence A. Heidenreich [Doc. No. 9] be granted.

II.    REPORT

Plaintiff, Mark Snyder, commenced this action under 42 U.S.C. § 1983, alleging that defendants violated his right to due process when he attempted to have a confession of judgment that was lodged against him stricken and when he attempted to access the property that was the subject of the judgment.

According to the complaint, plaintiff "entered into a duressed confession of judgment" for a mortgage on land and buildings located at 5100-5104 Old Clairton Road in Baldwin, Pennsylvania, in March of 1998. Complaint ¶¶ 1, 9. Plaintiff contends that the confession of judgment was lodged against him in the Court of Common Pleas of Allegheny County, Pennsylvania, in February of 2005, and that no notice was provided to him. Complaint ¶ 10. Judgment was subsequently assigned to a third party on October 26, 2005, who, on that same

date, filed a Praecipe for Writ of Possession.  Complaint ¶¶ 11, 12.  Plaintiff alleges that on November 22, 2005, the Sheriff returned "defendant not found" responses to the original confession of judgment, thereby demonstrating that service of the original filing did not occur, and that on December 2, 2005, the Sheriff posted a Notice of Writ of Execution on the property at issue.  Complaint ¶¶ 13, 14.  Under Pennsylvania Rule of Civil Procedure 2973.3(a), plaintiff had thirty days thereafter to file a "petition to strike and demand for prompt hearing," which plaintiff contends he served on the Allegheny County Sheriff's Office personally and by certified mail on December 22, 2005.  Complaint ¶¶ 15-17.  Plaintiff also contends that defendant Decker was personally advised of the petition and that under the Pennsylvania Rules of Civil Procedure he and the County of Allegheny were then required to "immediately present the matter to the court" which, in turn, was "to hear the claim within three business days ...."  Complaint ¶¶ 18, 19.  As well, plaintiff asserts under the Pa. R. Civ. P. 2973.3(d), execution proceedings are automatically stayed from the time the defendant files the hearing request with the Sheriff until the court rules on the petition, but that defendants Decker and Allegheny County refused to present the petition to the court, ignored the stay of execution and advised the Borough that plaintiff was not authorized to be on the premises.  Complaint ¶¶ 20-24.  Moreover, plaintiff asserts that Decker and the County of Allegheny "advised" that it was not their policy to present petitions to the court.  Complaint ¶ 25.

       Plaintiff also alleges that alcoholic beverages he had previously purchased pursuant to a license issued to his company were being distributed to the public by the new owner and that on January 29, 2006, when he went to retrieve the alcohol, the owner called the police and was advised that defendant Decker had issued a directive that plaintiff was not

allowed in the business and could not have access to the property. Complaint ¶¶ 26-30. Plaintiff, according to the complaint, advised defendant Heidenreich ("Heidenreich") of the stay but was nevertheless arrested by Heidenreich for defiant trespass. Plaintiff also alleges that he was subsequently advised by defendant Heather Anne Kelly, the Assistant District Attorney assigned to the case, that he would be arrested and prosecuted by her office anytime he visited the property or attempted to retrieve his property, advising him that "civil rules were not relevant." Complaint ¶¶ 31, 32.

Plaintiff filed the instant complaint on November 21, 2006, bringing two claims against the defendants both of which revolve around his right to due process. At Count I, plaintiff alleges that defendant Decker deprived him of due process by refusing to present the petition to strike the confession of judgment to the court and by assisting in his eviction without a judicial order, and that the County of Allegheny deprived him of due process by having a policy not to immediately submit the petitions served on them to the court. See Complaint ¶¶ 33-41. At Count II, plaintiff alleges that all of the defendants violated his due process rights by impeding his access to the property, prohibiting the stay of execution of the writ of possession, and by arresting, prosecuting and threatening to prosecute him if he accessed his business or personal property, and that the policies of the County and the Borough to ignore automatic stays have deprived him of due process as well. See Complaint ¶¶ 42-48.

Heidenreich has now filed a motion to dismiss arguing that plaintiff's claim against him constitutes a challenge to the lawfulness of his arrest and potential conviction and, thus, fails to state a claim as it is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

3

In reviewing a motion to dismiss under Rule 12(b)(6), all well pleaded allegations of the complaint must be accepted as true and viewed in a light most favorable to the non-movant. Brader v. Allegheny General Hospital, 64 F.3d 869, 873 (3d Cir. 1995); Scrob v. Patterson, 948 F.2d 1402, 1405 (3d Cir. 1991). Although the plaintiff need not provide detailed factual allegations to support the claims set forth in the complaint, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964-65 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). See Fed. R. Civ. P. 8(a)(2). Rather, a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face" so as "to raise a right to relief above the speculative level." Id. at 1965, 1974. See 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The issue, however, is not whether the plaintiff will prevail in the end but only whether he should be entitled to offer evidence in support of his claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

As previously discussed, plaintiff's claims against Heidenreich appear at Count II of the complaint wherein plaintiff has alleged that Heidenreich deprived him of his right to due process by prohibiting execution of the stay of execution, by impeding his access to his property, and by arresting and prosecuting him for defiant trespass.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court found that the Civil Rights Act was not meant to provide a means for collaterally challenging the

validity of a conviction through the pursuit of money damages and emphasized that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement. In so finding, the Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted). Thus, where resolution of an action brought pursuant to § 1983 would impact the validity of a criminal conviction or sentence, it is properly dismissed.

Here, plaintiff has brought his § 1983 claim against Heidenreich under the Fourteenth Amendment of the Constitution which prohibits a state from depriving a person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. Thus, in order to establish a procedural due process violation plaintiff must first demonstrate that Heidenreich, as a state actor, deprived him of an interest "'encompassed within the fourteenth amendment's protection of life, liberty, or property.'" Thomas v. Town of Hammonton, 351 F.3d

5

108, 113 (3d Cir. 2003), quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). This, in turn, requires plaintiff to demonstrate that he had a lawful interest in and a right of access to the property at 5104 Old Clairton Road which he claims Heidenreich deprived him of. A conviction of defiant trespass, however, would require a showing that plaintiff knew that he was *not* licenced to enter the property.[1] As such, a judgment in favor of plaintiff in the instant suit would necessarily imply the invalidity of his potential conviction for defiant trespass in state court. Because plaintiff has not obtained a ruling that the charge of defiant trespass brought against him is invalid, Heck dictates that the § 1983 claims brought against Heidenreich are properly dismissed.[2]

---

[1] "A person commits an offense [of defiant trespass] if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:
 (I) actual communication to the actor;
 (ii) posting in a manner prescribed by law or reasonably likely to come to the attention of intruders;
 (iii) fencing or other enclosure manifestly designed to exclude intruders ...." 18 Pa. C.S. § 3503.

[2] Defendant has also suggested that plaintiff's claims might be more appropriately read as challenging the grounds for his arrest and subsequent prosecution on the charge of defiant trespass under his Fourth Amendment right to be free from unreasonable search and seizure. See Def.'s Brief, p. 8 (Doc. No. 10). As defendant has also suggested, however, our analysis under Heck is equally applicable to a Fourth Amendment claim as it is still premised on a finding that plaintiff was lawfully on the premises and that Heidenreich was without probable cause to believe otherwise. Such a finding would necessarily invalidate his potential conviction of defiant trespass and that claim would therefore be barred as well. See United States v. Brown, 448 F.3d 239, 244 (3d Cir. 2006), quoting United States v. Robertson, 305 F.3d 164, 167 (3d Cir. 2002) ("Generally, for a seizure to be reasonable under the Fourth Amendment, it must be effectuated with a warrant based on probable cause").

Moreover, although plaintiff has pointed out that no criminal conviction presently exists as he has not yet been tried on the defiant trespass charge, the Heck rule is equally applicable to cases where the plaintiff has not yet been convicted of the crimes charged.[3] Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996) ("In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter. Because of these concerns, we hold that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983"). As such, it appears that plaintiff's claims against Heidenreich remain barred.[4]

For these reasons, it is recommended that the motion to dismiss submitted on behalf of defendant Lawrence A. Heidenreich [Doc. No. 9] be granted.

Within ten (10) days of being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objection shall

---

[3] It appears from the Court of Common Pleas Web Docket Sheet that plaintiff's trial is scheduled for July 9, 2007. See Commonwealth v. Snyder, CP-02-CR-0002945-2006.

[4] The Court notes here that, notwithstanding the finding that plaintiff's claim is barred under Heck, it also appears from the complaint that plaintiff is unable to state a Fourteenth Amendment claim against Heidenreich as plaintiff no longer had an interest in the property when Heidenreich denied plaintiff access. Rather, it appears that plaintiff had already been deprived of his interest in the property as a result of the foreclosure and ejectment proceedings. Indeed, judgement had been entered and, as argued by defendant, the fact that plaintiff submitted a petition to strike that judgment which stayed the execution proceedings did not mean the property reverted to him. Rather, as provided by the Pennsylvania Rules of Civil Procedure, the writ of possession would be returned to plaintiff only upon entry of a court order granting his petition and vacating the writ. See Pa. R. Civ. P. 2973.3 (c)(2).

have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                            Respectfully submitted,

                                            */s/  Amy Reynolds Hay*
                                            United States Magistrate Judge

Dated:   June 18, 2007


cc:     Mark Snyder
        P.O. Box 2
        Coulters, PA 15028

        Karin Romano Galbraith, Esq.
        Suzanne B. Merrick, Esq.
        Thomas P. McGinnis, Esq.
        by Notice of Electronic Filing