IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK SNYDER | ) | |
| Plaintiffs, | ) | 2:06cv1528 |
| | ) | Electronic Filing |
| vs. | ) | |
| | ) | Judge Cercone/ |
| LAWRENCE P. DECKER; LAWRENCE A. HEIDENREICH; HEATHER ANNE KELLY; CITY OF BALDWIN; and COUNTY OF ALLEGHENY; | ) | Magistrate Judge Hay |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF COURT

The above-captioned pro se civil rights action was received by the Clerk of Court on November 16, 2006, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

Defendant Lawrence A. Heidenreich, through counsel, filed a motion to dismiss, Dkt. [9], and a brief in support, Dkt. [10]. The Magistrate Judge ordered Mark Snyder ("Plaintiff") to file a response. Dkt. [11]. Plaintiff filed a short brief in opposition. Dkt. [14]. The Report, recommending the grant of the motion to dismiss, was filed June 19, 2007 and sent to Plaintiff at his address of record. Plaintiff then filed objections to the report. Dkt. [27].

In the Report, it was recommended that the complaint be dismissed because success in his civil rights action would necessarily call into question Plaintiff's potential conviction for defiant trespass. The Report relied upon Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996), which held that "[i]n terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter. Because of these concerns, we hold that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983." Because at the time of

the Report, Plaintiff had a pending criminal charge for defiant trespass and success in this civil rights action would necessarily call the validity of that potential conviction into question, the Report was correct to recommend dismissal pursuant to the holding of Smith.

Plaintiff argues in his objections that the recently decided case of Wallace v. Kato, 127 S.Ct. 1091 (Feb. 21, 2007), which Plaintiff did not cite in his brief in opposition, calls into question the holding of Smith. It is true that the Wallace court stated broadly:

> What petitioner seeks, in other words, is the adoption of a principle that goes well beyond *Heck*: that an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside. The impracticality of such a rule should be obvious. In an action for false arrest it would require the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict, see *Heck*, 512 U.S., at 487, n. 7, 114 S.Ct. 2364-all this at a time when it can hardly be known what evidence the prosecution has in its possession. And what if the plaintiff (or the court) guesses wrong, and the anticipated future conviction never occurs, because of acquittal or dismissal? Does that event (instead of the *Heck*-required setting aside of the extant conviction) trigger accrual of the cause of action? Or what if prosecution never occurs-what will the trigger be then?

Wallace, 127 S.Ct. at 1098. However, because there are several factual distinctions between Wallace and Smith, it is not clear to this Court that the holding (as opposed to the dicta) of Wallace and the holding of Smith are irreconcilable such that Wallace can be said to abrogate Smith's holding. But see Watts v. Epps, 475 F.Supp.2d 1367 (N.D.Ga. 2007)(in essence finding Wallace to have abrogated Smith v. Holtz). We need not resolve that issue here, however, given that Plaintiff's charges for defiant trespass were nolle prossed on July 9, 2007,[1] apparently in exchange for his pleading guilty to a lesser charge of disorderly conduct. Hence, because the defiant trespass charge upon which the Report relied for finding that this case was barred by

---

[1] The Court takes judicial notice of the docket of the Court of Common Pleas of Allegheny County in the case of Commonwealth v. Snyder, No. CP–2-CR-0002945-2006 which is available at:

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=200206824&arch=0&ST=7/27/2007%2011:12:42%20AM

Heck has been nolle prossed, the Court cannot rely on this rationale as provided in the Report.[2]

However, the Report also gave another rationale. Namely, the Report noted that because the state court judgments of foreclosure and ejectment had already been entered prior to the January 29, 2006, attempt by Plaintiff to enter onto the premises, Plaintiff had no property interest in the real property at the time. In other words, those state court judgments terminated any of Plaintiff's property rights in the real property. On November 24, 2003, a default judgment in mortgage foreclosure was entered against Plaintiff, among others, concerning the 5100 Old Clairton Boulevard, Baldwin or Pittsburgh Pa., 15236.[3] That judgment was ultimately affirmed by the Superior Court.[4] After numerous bankruptcy filings by Plaintiff and his siblings who apparently had joint ownership interests in the property at issue, and the Bankruptcy Courts' repeated rebuffs to such transparent efforts on the part of the Snyders' to engage in repeated deleterious bankruptcy filings,[5] Plaintiff continues to seek, in essence, to litigate the validity of the state court judgments via this civil rights suit.

The crux of Plaintiff's complaint against Defendant Heidenreich is that he has "impeded

---

[2] Nor, unlike the charge of defiant trespass, is it clear that success in the presently pending action would necessarily call into question Plaintiff's conviction for disorderly conduct.

[3] See Quinlan et al. v. Mark Snyder et al., GD-03-014107 (Allegheny County CCP) available at:

http://prothonotary.county.allegheny.pa.us/Allegheny/CaseDetails.asp?AnotherCaseID=TRUE&CaseID=GD-03-014107&ComingFromWelcomeScreen=&BeginDate=&EndDate=&From=

[4] See Superior Court slip opinion in Quinlan et al. v. Mark Snyder et al., GD-03-014107 (Allegheny County CCP, docket entry dated 2/1/2007) available at:

http://prothonotary.county.allegheny.pa.us/Allegheny/CaseDetails.asp?AnotherCaseID=TRUE&CaseID=GD-03-014107&ComingFromWelcomeScreen=&BeginDate=&EndDate=&From=

[5] See e.g., Shanni Snyder v. Winnecour, No. 06-cv-398 (W.D. Pa. Dkt. No. 27, opinion of Chief Judge Ambrose disposing of appeal from Bankruptcy court and recounting history of the cases) ; Mark Snyder v. Quinlan, No. 06-cv-1532 (W.D. Pa. Dkt. No. 20, opinion of Judge Schwab affirming order of Bankruptcy Judge).

Snyder's access to the property that was and should continue to be in his possession" and that Defendant Heidenreich has "prohibited, under color of law, Snyder's stay of the execution of the writ of possession and [has] arrested, prosecuted, or threatened to prosecute Snyder if he accesses his businesses or personal property." Complaint at ¶¶ 44 - 5.

The Report reasoned that because Plaintiff had no property interest in the real property from which he was ordered to leave by Defendant Heidenreich on January 29, 2006, such actions on the part of Defendant Heidenreich cannot be said to have deprived Plaintiff of any property without due process. Dkt. [19] at 7, n. 4. Plaintiff did not object to this reasoning in his objections. Hence, it appears that he has no objection as to that ground and this Court is free to rely on this reasoning in adopting the Report and dismissing the complaint against Defendant Heidenreich on this ground. At the very least, it was not plain error for the Report to rely on this rationale. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007)(plain error standard of review applicable to the Court of Appeals when it reviews District Court's order adopting un-objected to Report and Recommendation).

Alternatively, the only action that Plaintiff appears to complain about concerning Defendant Heidenreich is that notwithstanding Plaintiff's informing Defendant Heidenreich of the stay of the confessed judgment (by which Plaintiff lost his property), "Defendant arrested Snyder for defiant trespass." Complaint at ¶31. Even if the arrest deprived Plaintiff of his property, or more accurately access to his property, the deprivation was nonetheless justified and legal given that Plaintiff pleaded guilty to committing, in connection with the events, the criminal offense of disorderly conduct for which he legitimately could have been arrested. The alleged seizure of Plaintiff's property or, more properly, seizure of the Plaintiff, which in effect denied him access to his property, was simply a necessary consequence of the arrest/seizure of Plaintiff, which in turn, was entirely justified by Plaintiff's admitted commission of disorderly conduct. See Ambus v. Granite Bd. of Educ., 975 F.2d 1555, 1562 (10th Cir. 1992) ("An arrest and filing of charges by the government requires probable cause and thus provides a sufficient basis for temporary deprivation of a property interest without a prior hearing."), *modified on other grounds upon reh'g en banc*; 995 F.2d 992 (10th Cir. 1993); Parsons v. City of Rio Vista, 2002

WL 83769, *3 n.7(N.D.Tex. January 14, 2002)(" Here, Parsons was arrested for refusing to sign a speeding citation, see First Amended Complaint at 8, and, pursuant to established booking practices, the property on his person was temporarily taken from him during his detention. This action, as stated in Parsons' complaint, does not amount to either a violation of Parsons' Fourth Amendment right to be secure from unlawful seizures or his due process rights under the Fourteenth Amendment."); McNabb v. State of North Carolina, 2001 WL 1020041, *12 (W.D.N.C., April 11, 2001)("As to a possible fourteenth-amendment claim concerning the temporary seizure of two guns, there is no process that would be due prior to temporary seizure of weapons for the purpose of conducting a search of premises pursuant to a warrant. Had the state defendants somehow been involved in a permanent seizure of those weapons, some process may have been required prior to a final taking. *McClelland v. Massinga*, 786 F.2d 1205, 1210-11 (4th Cir.1986). As a matter of logic, plaintiffs' legal theory cannot stand, because the same argument would make actionable cases where an officer 'deprives' a driver of the use of his car or car keys during a roadside search or, for that matter, where a police officer uses a private citizen's driveway to question and temporarily detain an intoxicated motorist. In both instances, there has certainly been a temporary taking of a property interest incident to an otherwise lawful arrest or search. The law simply does not contemplate that de minimis takings merit due-process protections or that they will be compensated. Sometimes, we all must pay at least a small price for the greater good. Whether the public servant effects such taking with arrogance or humility, while important to public confidence, does not change the analysis."), *affirmed in relevant part, vacated in part on other grounds*, 33 Fed.Appx. 91 (4th Cir. 2002). Accordingly, Plaintiff cannot make out a viable claim of wrongful deprivation of property without due process.

After review of the pleadings and the documents in the case, together with the Report and Recommendation, and plaintiff's objections thereto, the following order is entered:

**ORDER OF COURT**

AND NOW, this _4th_ day of _September_, 2007,
**IT IS HEREBY ORDERED** that the motion to dismiss is **GRANTED**

**IT IS FURTHER ORDERED** that the Report and Recommendation, Dkt. [19]

5

filed on June 19, 2007, by Magistrate Judge Hay, is adopted as the opinion of the Court to the extent not inconsistent with this Memorandum Order, in other words, the Court does not rely on the Heck analysis to dismiss the complaint against Defendant Heidenreich.

David Stewart Cercone
United States District Judge

cc: Honorable Amy Reynolds Hay
United States Magistrate Judge

Mark Snyder
PO Box 2
Coulters, PA 15028

Craig E. Maravich, Esquire
Michael H. Wojcik, Esquire
Allegheny County Law Department
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219

Thomas P. McGinnis. Esquire
Suzanne B. Merrick, Esquire
Karin Romano Galbraith, Esquire
Thomas, Thomas & Hafer LLP
One Oxford Centre
Suite 1150
301 Grant Street
Pittsburgh, PA 15219