IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK SNYDER,
        Plaintiff,

vs.

LAWRENCE P. DECKER; LAWRENCE
A. HEIDENREICH; HEATHER ANNE
KELLY; CITY OF BALDWIN; COUNTY
OF ALLEGHENY,
        Defendants.

Civil Action No. 06-1528
Judge David Stewart Cercone/
Magistrate Judge Amy Reynolds Hay

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION

It is respectfully recommended that the motion to dismiss submitted on behalf of defendants Lawrence P. Decker and the County of Allegheny [Doc. 24] be granted as to Count II of the Complaint and denied as to Count I.[1]

II.    REPORT

Plaintiff, Mark Snyder, commenced this action under 42 U.S.C. § 1983, alleging that defendants violated his right to due process when he attempted to have a confession of judgment that was lodged against him stricken and when he attempted to access the property that was the subject of the judgment.

---

[1] Although the motion was also submitted on behalf of defendant Heather Anne Kelly, plaintiff filed a notice pursuant to Fed. R. Civ. P. 41(a) on September 11, 2007, voluntarily dismissing her from the case. See Doc. 33. It should also be noted here that on November 19, 2007, plaintiff filed a notice pursuant to Rule 41(a) dismissing the City of Baldwin from the case as well, and that the motion to dismiss submitted by defendant Lawrence A. Heidenreich was granted by order of Court dated September 4, 2007. See Docs. 40, 32. As such, defendants Lawrence P. Decker and the County of Allegheny are the only defendants remaining in the case.

According to the complaint, plaintiff "entered into a duressed confession of judgment" for a mortgage on land and buildings located at 5100-5104 Old Clairton Road in Baldwin, Pennsylvania, in March of 1998. Complaint ¶¶ 1, 9. Plaintiff contends that the confession of judgment was lodged against him in the Court of Common Pleas of Allegheny County, Pennsylvania, in February of 2005, and that no notice was provided to him. Complaint ¶ 10.

On October 26, 2005, judgment was subsequently assigned to a third party, who, on that same date, filed a Praecipe for Writ of Possession. Complaint ¶¶ 11, 12. Plaintiff alleges that on November 22, 2005, the Sheriff returned "defendant not found" responses to the original confession of judgment, thereby demonstrating that service of the original filing did not occur, and that on December 2, 2005, the Sheriff posted a Notice of Writ of Execution on the property at issue. Complaint ¶¶ 13, 14. Under Pennsylvania Rule of Civil Procedure 2973.3(a), plaintiff had thirty days thereafter to file a "petition to strike and demand for prompt hearing," which plaintiff contends he served on the Allegheny County Sheriff's Office personally and by certified mail on December 22, 2005. Complaint ¶¶ 15-17. Plaintiff also contends that defendant Lawrence P. Decker ("Decker") was personally advised of the petition and that under the Pennsylvania Rules of Civil Procedure he and the County of Allegheny were then required to "immediately present the matter to the court" which, in turn, was "to hear the claim within three business days ...." Complaint ¶¶ 18, 19.

Plaintiff further asserts that under the Pa. R. Civ. P. 2973.3(d), execution proceedings are automatically stayed from the time the defendant files the hearing request with the Sheriff until the court rules on the petition, but that defendants Decker and Allegheny County

refused to present the petition to the court, ignored the stay of execution and advised the Borough that plaintiff was not authorized to be on the premises. Complaint ¶¶ 20-24. Moreover, plaintiff asserts that Decker and the County of Allegheny "advised" that it was not their policy to present petitions to the court. Complaint ¶ 25.

Plaintiff also alleges that alcoholic beverages he had previously purchased pursuant to a license issued to his company were being distributed to the public by the new owner and that on January 29, 2006, when he went to retrieve the alcohol, the owner called the police and was advised that defendant Decker had issued a directive that plaintiff was not allowed in the business and could not have access to the property. Complaint ¶¶ 26-30. Plaintiff, according to the complaint, informed defendant Heidenreich of the stay but was nevertheless arrested for defiant trespass. Complaint ¶ 31.

Plaintiff filed the instant complaint on November 21, 2006, bringing two claims, both of which revolve around his right to due process. At Count I, plaintiff alleges that defendant Decker deprived him of due process by refusing to present the petition to strike the confession of judgment to the court and by assisting in his eviction without a judicial order, and that the County of Allegheny deprived him of due process by having a policy not to immediately submit the petitions served on them to the court. See Complaint ¶¶ 33-41. At Count II, plaintiff alleges that defendants violated his due process rights by impeding his access to the property, prohibiting the stay of execution of the writ of possession, and by arresting, prosecuting and threatening to prosecute him if he accessed his business or personal property, and that the policies of the County to ignore automatic stays have deprived him of due process as well. See Complaint ¶¶ 42-48.

Defendants Decker and the County of Allegheny have now filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that plaintiff has failed to state a claim against them.

In reviewing a motion to dismiss under Rule 12(b)(6), all well pleaded allegations of the complaint must be accepted as true and viewed in a light most favorable to the non-movant. Brader v. Allegheny General Hospital, 64 F.3d 869, 873 (3d Cir. 1995); Scrob v. Patterson, 948 F.2d 1402, 1405 (3d Cir. 1991). Although the plaintiff need not provide detailed factual allegations to support the claims set forth in the complaint, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964-65 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). See Fed. R. Civ. P. 8(a)(2). Rather, a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face" so as "to raise a right to relief above the speculative level." Id. at 1965, 1974. See 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The issue, however, is not whether the plaintiff will prevail in the end but only whether he should be entitled to offer evidence in support of his claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Defendants initially argue that plaintiff's claims are properly dismissed as they are barred under Heck v. Humphrey, 512 U.S. 477 (1994) ("Heck"), wherein the United States Supreme Court found that the Civil Rights Act was not meant to provide a means for collaterally

4

challenging the validity of a conviction through the pursuit of money damages, emphasizing that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement. In so finding, the Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted). Thus, where resolution of an action brought pursuant to § 1983 would impact the validity of a criminal conviction or sentence, it is properly dismissed.

In the instant case, defendants have not discussed plaintiff's state court conviction or argued how a favorable ruling here would impact that conviction but, rather, argue only that because plaintiff was arrested for "multiple crimes associated with entering the property ... a judgment in favor of the plaintiff in the instant suit would necessarily imply the invalidity of his potential conviction in state court." Pl. Brief, pp. 2-3. Review of the record, however, is to the contrary.

5

Plaintiff was convicted in state court of disorderly conduct on July 9, 2007.[2]

A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

> (1) engages in fighting or threatening, or in violent or tumultuous behavior;
>
> (2) makes unreasonable noise;
>
> (3) uses obscene language, or makes an obscene gesture; or
>
> (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

18 Pa. S.C. § 5503. In the instant case, plaintiff has brought § 1983 claims against defendants under the Fourteenth Amendment of the Constitution which prohibits a state from depriving a person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. Specifically, plaintiff contends that Decker and Allegheny County deprived him of his property without due process by failing to present the petition to strike judgment to the court and for impeding his access to the property at issue. Even if plaintiff were able to establish these claims, however, it is difficult to see how a judgment in his favor would invalidate his state court conviction for disorderly conduct or in any way speak to whether or not, on January 29, 2006, plaintiff engaged in tumultuous behavior, was unreasonably noisy or created a physically

---

[2] The Court has already taken judicial notice of the Court of Common Pleas of Allegheny County docket sheet reflecting this fact. See Doc. 32, p. 2 n. 1.

offensive condition while on the property in question. As such, it does not appear that plaintiff's claims against these defendants are barred under Heck.[3]

This notwithstanding, the Court has already found that plaintiff is unable to sustain his due process claim brought at Count II because plaintiff had no interest in the property at the time defendants allegedly denied him access to it. In the Report and Recommendation previously issued, which was adopted by the Court in its Memorandum and Order of Court dated September 4, 2006, it was found that the state court judgments of foreclosure and ejectment had already been entered, thereby terminating plaintiff's property rights in the property prior to January 29, 2006, when plaintiff attempted to enter the premises. The Court concluded that, because plaintiff had no interest in the property at the time, defendants can not be said to have deprived him of that property without due process.[4] See Doc. 19, p. 7 n. 4; Doc. 32, pp. 3-4.

---

[3]Although plaintiff correctly points out that the undersigned previously found that plaintiff's claims at Count II were barred under Heck, the crime with which plaintiff was charged at the time was defiant trespass which requires a showing that a person, knowing that he is *not* licensed or privileged to do so, enters or remains in any place as to which notice against trespass is given. 18 Pa. C.S. § 3503. In order to succeed on his due process claims brought at Count II, however, plaintiff would have to show that he had a lawful interest in, and a right of access to, the property at issue which would seemingly invalidate a state court conviction for defiant trespass. Thus, in addressing defendant Heidenreich's motion to dismiss, the Court found that plaintiff's claims brought against him at Count II were barred under Heck. See Dec. 19. On July 9, 2007, however, after the Report and Recommendation was filed but before defendants filed the instant motion, the charge of defiant trespass was *nolle prossed* in exchange for plaintiff's guilty plea to the lesser charge of disorderly conduct. As such, the Court's analysis under Heck, as discussed above, was -- and is -- no longer applicable. Indeed, the District Court ultimately granted defendant Heidenreich's motion to dismiss on the alternate ground recommended by the undersigned discussed *infra*. See Doc. 32.

[4]Although plaintiff takes issue with the Courts earlier finding in this regard, he did not voice his objection when he filed objections to the undersigned's earlier Report and Recommendation. See Doc. 27. Moreover, plaintiff misapprehends the Court's findings in this regard. The Report does not state, as plaintiff suggests it does, that because legal possession of the property was already given to the new owners a stay would have had no effect. Rather, the Court found that even if the petition had been filed and the execution proceedings *had been stayed*, the property would not have reverted to plaintiff at that time but would have been returned to him only upon the entry of an order granting the petition. Doc. 19, p. 7, n. 4. See Pa. R. Civ. P. 2973.3(c)(2).

7

Thus, although plaintiff's claims are not barred by Heck, it nevertheless appears that plaintiff's claims brought at Count II are properly dismissed.

Defendants also argue that the claims against the County should be dismissed as plaintiff has failed to identify a custom or policy that caused the constitutional violation.[5]

It is well settled that a municipality may not be held liable under § 1983 merely because its employees have acted unconstitutionally. Rather, a municipality may only be found liable for their own illegal acts or where the plaintiff is able to identify a municipal "policy" or "custom" that caused the constitutional violation. Commissioners of Bryan County v. Brown, 520 U.S. 397, 403 (1997). See Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978); Pembaur v. Cincinnati, 475 U.S. 469 (1986).

> Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. . . . Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

Commissioners of Bryan County v. Brown, 520 U.S. at 403-04 (citations omitted).

Here, plaintiff has alleged in the complaint that "Decker and the County of Allegheny of Allegheny advised that their policy was not to present petitions to the Court," and that "Defendant County of Allegheny, by having policies not to immediately submit the petitions served on them pursuant to Pa.R.Cv.P. 2973.3, deprived Snyder of his due process rights." Complaint ¶¶ 25, 39. It therefore appears, contrary to defendants' assertion, that plaintiff has

---

[5]Because the Court has already found that Count II is properly dismissed as to both defendants, the Court has addressed defendant's argument in this regard only as it relates to Count I.

identified a custom or policy that caused a violation of his right to due process. It therefore appears that plaintiff's claims brought against the County at Count I are properly before the Court.

Although defendant relies on Parent v. Roth, 2001 WL 1243563 (E.D. Pa. Oct. 17, 2001) ("Parent"), to suggest that a contrary result is warranted, defendant's reliance appears to be misplaced. In Parent, the issue was not whether the plaintiff had identified a custom or policy in his complaint so as to survive a motion to dismiss, as is at issue here, but was whether the plaintiff was able to survive a motion for summary judgment by pointing to evidence of record from which a jury could find that the customs or policies that he had identified were, in fact, customs or policies employed by the defendant and, if so, whether they were unconstitutional or enacted with deliberate indifference to their consequences. Id. at *3-4. After reviewing the record, the Court found that while it was the defendant's policy to confiscate all prescription drug medication from persons entering the prison, there was no evidence of record to support a finding that it was also the defendant's policy not to immediately replace that medication with an adequate substitute as the plaintiff had alleged. Id. at *4. Indeed, the record showed that it was, in fact, the defendant's policy to replace prescription medication immediately if a prisoner's confiscated medication related to a life-threatening condition and for a nurse to immediately evaluate all prisoners from whom prescription medications were taken at intake. Although it is undisputed that the plaintiff did not receive a substitute pain medication immediately upon entering the prison, there was still no evidence that the defendants had a policy or custom not to do so as had been alleged. Id. Accordingly, summary judgment was entered in favor of the defendant.

In this case, whether or not plaintiff will ultimately be able to point to evidence establishing that it was the County's policy or custom not to present to the court petitions to strike judgments, as he has alleged, remains to be seen. He nevertheless has alleged that such a policy exists and, thus, should be given the opportunity to do so.

For these reasons, it is recommended that the motion to dismiss submitted on behalf of defendants Decker and County of Allegheny [Doc. 24] be granted as to Count II and denied as to Count I.

Within ten (10) days of being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objection shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                            Respectfully submitted,

                                                            */ s/ Amy Reynolds Hay*
                                                            United States Magistrate Judge

Dated: 28 January, 2008

cc:     Mark Snyder
        P.O. Box 2
        Coulters, PA 15028

        Karin Romano Galbraith, Esq.
        Suzanne B. Merrick, Esq.
        Thomas P. McGinnis, Esq.
        by Notice of Electronic Filing